[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR MODIFICATION CT Page 10424
The plaintiff's motion dated December 31, 1992 urges the court to increase a $1.00 a year alimony order and a $300.00 child support order entered on February 18, 1992 at the time the dissolution decree was granted (Ballen, J.). She alleges that the defendant, who was unemployed at the time of the original order, has been employed for the past year and that his present financial and other circumstances justify the modification.
Section 46b-86 of the Connecticut General Statutes provides that the cavort may modify such orders upon proof of a substantial change in circumstances of either party. The court may also order retroactive relief to the date the motion was filed, in this case December 31, 1992. The burden of proof is on the plaintiff.
This court takes judicial notice that on November 4, 1993, the parties appeared before the court (Thim, J.) and agreed that the child support order was to increase from the original order of $300.00 per week to $410.00 per week for a period of eight weeks or until the end of 1993. The attorneys for the parties stated that this was a temporary emergency order which would revert to $300.00 a week unless this court granted a subsequent intervening order. (See transcript, pp. 2, 3, 4, 11/4/93, Thim, J.) The alimony issue was not considered at that hearing.
On November 18 and 19, 1993, this court heard testimony relative to both alimony and child support as follows.
For the past year, the plaintiff has been living in Tacoma, Washington with her two sons, Alexander Cooke, age 16, and Richard, age 8.
The defendant resides in Southport, Connecticut and has custody of the parties' daughter, Ashley, age 14.
The defendant has remarried and has another child.
The plaintiff has not remarried.
In proceeding on this motion, the court must consider the circumstances and financial resources of the parties that existed when the original orders were entered as to those that exist at CT Page 10425 present. The criteria is substantially the same in both the alimony and child support statutes (46b-82 and 46b-84), the age, health and needs of the parties and the children, the financial abilities of the parties, their assets, their employability and their skills.
From the evidence, and after reviewing their financial statements, the court finds that both parties were unemployed when the original decree was entered. The defendant listed weekly income at $33.02, assets at $623,709.00 and liabilities at $1.1 million. His primary asset was an estimated equity of about $600,000.00 in his Southport home.
The defendant is now about 45 years of age and in good health. He has worked in the securities field and investment banking for the past twenty years. He graduated from Colgate University and later earned an M.B.A. from Harvard. His annual salaries have been in the $150,000.00 range, but his income fluctuates with the economy. He was unemployed in 1992. In January, 1993, he was hired as a securities salesman by the Candor Company. On his financial statement dated November 7, 1993, his gross monthly income is $12,500.00, based on an annual salary of $150,000.00. His net monthly income is shown as $7,686.18 and expenses are $7,504.00. His current assets are listed at minus $276,782.00 and liabilities are over $1.1 million. From the testimony of the defendant, which the court found credible, the Candor Company has been sold and his employment will terminate on November 30, 1993. (Defendant's exhibit 1.)
During the past year, the defendant has filed for bankruptcy. The last plan, dated September 29, 1993, listed unsecured debts over $1.2 million (plaintiff's exhibit G). The court also believed his testimony that, with a pending bankruptcy, finding another job in the securities field will be difficult.
In spite of these financial problems, the defendant has paid his child support obligations since the date of the original order to the present time.
The plaintiff claims she is homeless and penniless at the present time. On her present financial statement, the only income shown is the $410.00 per week child support received from the defendant. She claims to be living on the generosity of friends. At the time of the dissolution on February 18, 1992, she CT Page 10426 listed no income.
The plaintiff is now in her early forties, in good health, and living in an apartment with her two sons in Tacoma, Washington. From her testimony, the apartment is provided free of charge by one David Page, an unrelated male friend, which he or his own. They also pay for utilities or other maintenance expenses. Mr. Page recently gave the plaintiff a 1992 Ford Explorer automobile, which cost about $25,000.00, and is valued at $11,000.00 on her financial statement. In addition, Mr. Page has paid for Alexander's private school tuition of $16,000.00 for the current year as well as $10,000.00 for the plaintiff's counsel fees. He has paid her airplane and car rental costs to come to court and to visit here as well as for her vacations. The court has considered these as benefits to her and the financial impact as they relate to her financial needs. (46b-86
(b) Connecticut General Statutes.)
The plaintiff has a master's degree in education and is capable of obtaining employment now that her sons are full time students.
Based on all the evidence and after considering the statutory factors relative to alimony, the motion to modify the present alimony of $1.00 a year is denied.
The same findings of fact apply to child support. The defendant, in spite of his bankruptcy filing and the loss of his present job, testified that he will continue to pay child support of $300.00 a week as originally ordered. Therefore, the court confirms the child support order of $300.00 a week beginning the first week of January, 1994, after the temporary emergency child support order of $410.00 a week expires on December 31, 1993. The court further finds that upon finding employment, the defendant shall provide the plaintiff with a copy of pay records for three successive months.
ROMEO G. PETRONI, JUDGE CT Page 10427
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 10427-HH